IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK TUFANO, | : | Civil No. 3:25-CV-1227 |
| | : | |
| **Plaintiff** | : | |
| | : | (Judge Mehalchick) |
| v. | : | |
| | : | |
| SHOPIFY (USA) INC., et al., | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

**I.   Factual Background**

This *pro se* lawsuit was referred to us on January 13, 2026. The plaintiff, Frank Tufano, is a prodigious, but prodigiously unsuccessful, *pro se* litigant.[1] Included among this body of past feckless litigation was Tufano v. Frankies Free Range Meat

---

[1] See e.g., Tufano v. Filatova, No. 3:24-CV-1252, 2025 WL 763573, at *1 (M.D. Pa. Jan. 15, 2025), report and recommendation adopted, No. 3:24CV1252, 2025 WL 457106 (M.D. Pa. Feb. 11, 2025); Tufano v. Reddit, Inc., No. 3:24-CV-1114, 2024 WL 5078105, at *1 (M.D. Pa. Dec. 11, 2024), appeal dismissed, No. 25-1014, 2025 WL 1851754 (3d Cir. Mar. 21, 2025); Tufano v. TikTok, Inc., No. 3:24CV1116, 2024 WL 4941023, at *1 (M.D. Pa. Dec. 2, 2024); Tufano v. Frankies Free Range Meat Conspirators, No. 3:24-CV-846, 2024 WL 5318269, at *1 (M.D. Pa. Nov. 6, 2024), report and recommendation adopted, No. 3:24-CV-846, 2024 WL 5318270 (M.D. Pa. Dec. 9, 2024); Tufano v. Levy, No. 3:23-CV-02106, 2024 WL 4481056, at *1 (M.D. Pa. Sept. 18, 2024), report and recommendation adopted, No. 3:23-CV-2106, 2024 WL 4476650 (M.D. Pa. Oct. 11, 2024).

1

Conspirators, No. 3:24-CV-846, 2024 WL 5318269, at *1 (M.D. Pa. Nov. 6, 2024), report and recommendation adopted, No. 3:24-CV-846, 2024 WL 5318270 (M.D. Pa. Dec. 9, 2024), a case in which Tufano: "alleged that [] individuals conspired against the plaintiff to destroy his online business by filing false chargebacks and slanderous reviews." Id. Tufano's *pro se* complaint in this case, which was premised upon a federal criminal civil rights statute, 18 U.S.C. § 241, was dismissed with prejudice. Id.

Undeterred by this ruling and heedless of Albert Einstein's advice that doing the same thing over and over again and expecting different results is the highest form of folly, Tufano filed the same claim in state court naming Shopify and more 100 individuals as defendants. Once again, in this complaint Tufano alleged that chargebacks relating to his Frankies Free Range Meats business constituted criminal civil rights violations under 18 U.S.C. § 241 which gave rise to $1,000,000 in civil liability in his favor. (Doc. 1-2).

Shopify has removed this case to federal court, (Doc. 1), and moved to dismiss this complaint. (Doc. 5). This motion is fully briefed and is ripe for resolution. For the reasons set forth below, and consistent with the prior rulings of this court, it is recommended that the motion be granted, and this complaint be dismissed.

## II. Discussion

### A. Motion to Dismiss Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, BU.S.B, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

5

> This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but

6

which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

These legal guideposts govern our consideration of the sufficiency of Tufano's latest civil complaint.

### B. **Tufano's Complaint Should Be Dismissed**.

In our view, Tufano's complaint fails for at least three reasons.

First, since this Court previously addressed a virtually identical claim and lawsuit, we believe that the *res judicata,* collateral estoppel, and issue preclusion doctrines apply here and compel dismissal of any of the previously litigated and settled claims that the plaintiff attempts to bring in this complaint.

Collateral estoppel, *res judicata*, and issue preclusion are doctrines which play a vital role in litigation. It has long been recognized that:

7

> The doctrine [ ] of . . . collateral estoppel, now . . . termed . . . issue preclusion, "shar[es] the common goals of judicial economy, predictability, and freedom from harassment. . . ." <u>Gregory v. Chehi</u>, 843 F.2d 111, 116 (3d Cir.1988). Generally speaking, the . . . doctrine of issue preclusion, "precludes the relitigation of an issue that has been put in issue and directly determined adversely to the party against whom the estoppel is asserted." <u>Melikian v. Corradetti</u>, 791 F.2d 274, 277 (3d Cir.1986).

<u>Electro–Miniatures Corp. v. Wendon Co., Inc</u>. 889 F.2d 41, 44 (3d. Cir.1989).

The parameters of this doctrine, which precludes relitigation of certain issues, have been defined by the United States Court of Appeals for the Third Circuit in the following terms:

> Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated. "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" <u>Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co.</u>, 63 F.3d 1227, 1231–32 (3d Cir.1995) (quoting <u>In re Graham</u>, 973 F.2d 1089, 1097 (3d Cir.1992)); see also <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). In its classic form, collateral estoppel also required "mutuality"- i.e., that the parties on both sides of the current proceeding be bound by the judgment in the prior proceeding. <u>Parklane Hosiery</u>, 439 U.S. at 326–27. Under the modern doctrine of non-mutual issue preclusion, however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary. See <u>Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.</u>, 402 U.S. 313, 324, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); <u>Parklane Hosiery</u>, 439 U .S. at 329. For ... non-mutual issue preclusion [ ] to apply, the party to be precluded must have had a "full and fair" opportunity to litigate the issue in the first action. See <u>Parklane Hosiery</u>, 439 U.S. at 328; <u>Blonder Tongue Labs.</u>, 402 U .S. at 331.

8

Peloro v. United States, 488 F.3d 163, 174–5 (3d Cir.2007). Stated succinctly, principles of collateral estoppel compel a later court to honor an earlier decision of a matter that was actually litigated. Dici v. Commonwealth of Pa., 91 F.3d 542 (3d Cir. 1997). This doctrine, which involves an assessment of the overlap between issues presented in separate lawsuits, raises essentially legal questions which are often amenable to resolution by courts as a matter of law. McFadden v. United States, No. 3:14-CV-1166, 2014 WL 6633251, at *5–6 (M.D. Pa. Nov. 21, 2014).

In the instant case, Tufano has previously and unsuccessfully litigated a virtually identical claim in Tufano v. Frankies Free Range Meat Conspirators, No. 3:24-CV-846, 2024 WL 5318269, at *1 (M.D. Pa. Nov. 6, 2024), report and recommendation adopted, No. 3:24-CV-846, 2024 WL 5318270 (M.D. Pa. Dec. 9, 2024), a case in which Tufano: "alleged that [] individuals conspired against the plaintiff to destroy his online business by filing false chargebacks and slanderous reviews." Id. Tufano's *pro se* complaint in this case, which was premised upon a federal criminal civil rights statute, 18 U.S.C. § 241, was dismissed with prejudice. Id. Therefore, this prior ruling is collateral estoppel and now bars reconsideration of this claim in the guise of a new lawsuit.

Second, Tufano's claims fail on their merits. In this case, Tufano premises his civil lawsuit on a criminal statute, 18 U.S.C. §241. This he cannot do. As we have noted in the past, plaintiffs like Tufano:

> [E]rr in generally implying a private right of action based upon federal criminal statutes. Quite the contrary, in this regard:
>
>> The Court is guided by the general principle that courts are "reluctant to infer a private right of action from a criminal prohibition alone," especially where the criminal statute is "bare" as to private enforcement. Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994); see also Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (holding that private citizens cannot compel criminal prosecution). To this end, the Third Circuit has repeatedly held that criminal statutes generally do not create private rights of action. See Tezler v. Borough of Englewood Cliffs, 783 F. App'x 253, 257–58 (3d Cir. 2019); Timm v. Wells Fargo Bank, 701 F. App'x 171, 175 (3d Cir. 2017); Coleman v. Academy Bus, LLC, 858 F. App'x 584, 585 (3d Cir. 2021); see also Caterbone v. Lancaster City Bureau of Police, Civil Action No. 18-CV-2710, 2018 WL 3549266 at *3 (E.D. Pa. July 24, 2018) ("Criminal statutes do not generally provide a basis for a litigant's civil claims, and this Court lacks the authority to initiate criminal proceedings.").

Lewis v. Chance, No. 1:25-CV-446, 2025 WL 2045735, at *9 (M.D. Pa. July 21, 2025) (quoting Miller v. Nelling, No. CV 22-3329-KSM, 2023 WL 2743564, at *3 (E.D. Pa. Mar. 31, 2023)).

This principle applies with particular force to attempts to transmogrify 18 U.S.C. § 241 into some sort of civil cause of action. As Tufano already knows for prior experience, "criminal statutes, such as § 241, do not provide for a private right

of action." Tufano v. Frankies Free Range Meat Conspirators, 2024 WL 5318269, at *3 (citing, Walthour v. Herron, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) (collecting cases) (concluding that § 241 does not provide a private right of action)).

Nor can Tufano transform this claim into a civil rights lawsuit under 42 U.S.C. § 1983. On this score, there is something notably missing from this complaint. None of the more than 100 putative defendants is a state actor. This is a fatal flaw, since as we have previously explained to Tufano:

> To the extent Tufano attempts to assert a civil conspiracy claim under the Fourteenth Amendment, we similarly conclude that this claim fails as a matter of law. A federal civil conspiracy claim is actionable under 42 U.S.C. § 1983. Section 1983 provides, in pertinent part, as follows:
>
>> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
>
> See 42 U.S.C. § 1983. Therefore, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).
>
> Accordingly, to state a claim under Section 1983, a plaintiff must plead two elements: (1) the conduct complained of was committed by a

11

"person" acting under color of law; and (2) that conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) (citation omitted); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141–42 (3d Cir. 1990).

Here, Tufano asserts his claim against . . . private individuals. . . . . There is no indication that any of these individuals were acting under color of law such that they would be subjected to liability under § 1983. It is well settled that "[s]ection 1983 ... protects against constitutional violations by the State, but 'not against wrongs done by individuals[.]' "

Tufano v. Frankies Free Range Meat Conspirators, 2024 WL 5318269, at *3 (citing Mikhail v. Khan, 991 F. Supp. 2d 596, 642 (E.D. Pa. 2014) (quoting United States v. Price, 383 U.S. 787, 799 (1966)).

Finally, to the extent that Tufano attempts to advance contractual claims against Shopify and its customers, these claims are brought in the wrong venue since Tufano's agreement with Shopify contained a forum selection clause which specified that any disputes would be subject to adjudication in Ontario, Canada. The Supreme Court has made it clear that we are not free to ignore the forum selections made by parties in their contractual agreement. Quite the contrary, we are admonished that:

When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

12

Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 66, 134 S. Ct. 568, 581–83, 187 L. Ed. 2d 487 (2013). Further, in a case such as this, where the parties' forum selection clause dictates litigation in a court outside the United States, our course is clear. As the Third Circuit has observed, in this setting:

> Transfer is not available, . . ., when a forum selection clause specifies a non-federal forum. In that case, it seems the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice. See, e.g., Instrumentation Assoc., Inc. v. Madsen Elec. (Canada) Ltd., 859 F.2d 4, 6 n. 4 (3d Cir.1988); Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341 (3d Cir.1966);17 Moore's Federal Practice, § 111.04[4][c] (Matthew Bender 3d ed.).

Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001).

So it is here. Any remaining contractual claims Tufano wishes to pursue should be brought in the forum selected by the parties and may not be advanced in this court. In sum, Tufano's claims are meritless, redundant, previously litigated, and brought in the wrong court. Therefore, this complaint should be dismissed.

### III.  **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to dismiss, (Doc. 5), be GRANTED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

13

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of February 2026.

<u>S/ Martin C. Carlson</u><br>
Martin C. Carlson<br>
United States Magistrate Judge