**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK TUFANO, | |
| Plaintiff, | CIVIL ACTION NO. 3:25-CV-01227 |
| v. | |
| | (MEHALCHICK, J.) |
| SHOPIFY (USA) INC. CORPORATION SERVICE COMPANY, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the February 5, 2026, report and recommendation of Magistrate Judge Martin C. Carlson (Doc. 14) recommending the Court dismiss *pro se* Plaintiff Frank Tufano's ("Tufano") complaint. (Doc. 1-2). On February 11, 2026, Tufano filed a timely objection. (Doc. 15). On February 25, 2026, Defendants filed a response to Tufano's objection. (Doc. 16). Based on the Court's review of the report along with Tufano's objection, Tufano's objection is overruled, and the report will be adopted in its entirety.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On June 6, 2025, Tufano filed a complaint in the Lackawanna Court of Common Pleas alleging that Defendant Shopify (USA) Inc. Corporation Service Company ("Shopify") and over one hundred other named defendants (collectively, "Defendants") conspired to violate his constitutional rights and interfere with his business enterprise in violation of 18 U.S.C. §241. (Doc. 1-2). As noted by Judge Carlson, Tufano previously filed identical claims in the Middle District of Pennsylvania, which Judge Malachy E. Mannion dismissed. (Doc. 14, at 1-2); *see Tufano v. Frankies Free Range Meat Conspirators*, No. 3:24-CV-846, 2024 WL 5318270, at *2 (M.D. Pa. Dec. 9, 2024) (adopting a report and recommendation and

dismissing identical claims). On July 7, 2025, Shopify removed this action to the Court. (Doc. 1). On July 14, 2025, Shopify filed a motion to dismiss. (Doc. 5). On February 5, 2026, Judge Carlson filed the report and recommendation recommending the Court grant that motion and on February 11, 2026, Tufano filed a timely objection. (Doc. 14; Doc. 15).

## II. LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

## III. DISCUSSION

In the report, Judge Carlson concluded that dismissal is warranted because Tufano raises claims identical to the claims he raised in a separate lawsuit in the Middle District of

2

Pennsylvania which Judge Mannion dismissed. (Doc. 14, at 7-9). Judge Carlson determined that Tufano's claims are thus barred by the doctrines of *res judicata*, collateral estoppel, and issue preclusion. (Doc. 14, at 7-9). Judge Carlson further found that even if Tufano's claims are not barred, they are subject to dismissal because 1) Tufano brings his claims pursuant to 18 U.S.C. §241, a criminal statue that does create a civil cause of action, 2) even if the Court liberally construes his claims as being brought under 42 U.S.C. § 1983, § 1983 only applies to state actors and Defendants are private actors, and 3) to the extent Tufano's claims can be liberally construed as breach of contract claims, they are brought in the wrong venue because his contract with Shopify has a forum selection clause stating that all claims must be brought in Ontario, Canada. (Doc. 14, at 7-13). Tufano's objection argues that the Court should disregard the report and recommendation because it merely constitutes Judge Carlson berating Tufano; Judge Carlson does not clearly articulate why Tufano's claims are subject to dismissal; and Tufano's claims should not be brought in Canada because Shopify primarily does business in the United States. (Doc. 14, at 1-2). The Court disagrees with Tufano's characterization of Judge Carlson's report and finds that Judge Carlson clearly explained that 1) Tufano cannot bring claims identical to claims that were already dismissed with prejudice in a separate action, 2) Tufano cannot bring civil claims under 18 U.S.C. § 241, a criminal statue, and 3) even if the Court liberally construes Tufano's complaint as not brought under § 241, his claims are still subject to dismissal. (Doc. 14, at 7-13). Tufano does not respond to any of these substantive findings. (Doc. 15).

Courts in this circuit have held that even though *pro se* pleadings must be liberally construed, "courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations." *Coley v. Beard*, No. CIVA

3

3:05CV2290, 2006 WL 1670253, at *5 (M.D. Pa. June 13, 2006). Courts overrule objections where the objector fails to respond to the report and recommendation's substantive holdings and merely repeats allegations alleged from the operative complaint. *See Wassel v. Pike Cnty.*, No. 3:22CV145, 2025 WL 1710245, at *4 (M.D. Pa. June 18, 2025) (overruling an objection to a report and recommendation where the objection was "nonresponsive to the [report and recommendation]" and "only reiterat[ed] portions of the plaintiff's narrative from his amended complaint"); *see also Gary v. Workers Comp. Appeals Bd.*, No. 1:19-CV-961, 2019 WL 13440623, at *1 (M.D. Pa. June 24, 2019) (overruling an objection to a report and recommendation because the objection "merely restate[d] facts and arguments previously presented in [the plaintiff's] complaint"). Tufano's objection fails because it does not respond to any of Judge Carlson's substantive findings. *See Wassel*, 2025 WL 1710245, at *4; *see also Gary*, 2019 WL 13440623, at *1. Accordingly, the Court **OVERRULES** Tufano's objection (Doc. 15) and **ADOPTS** the report and recommendation (Doc. 14) **in its entirety** as an order of the Court. Shopify's motion to dismiss is **GRANTED**. (Doc. 5).

## IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (nonprecedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Leave to amend is futile where a complaint is subject to dismissal on the basis of the doctrines of *res judicata*, collateral estoppel, and issue preclusion. *See Bush v. Philadelphia*

*Redevelopment Auth.*, No. 20-CV-5631, 2021 WL 84067, at *1 (E.D. Pa. Jan. 11, 2021) (dismissing a complaint with prejudice where its claims were identical to the same plaintiff's claims in a separate, previously dismissed action); *see also Merritt v. Rimmer*, No. 20-CV-0781, 2020 WL 1308317, at *2 (E.D. Pa. Mar. 19, 2020) (same). Further, Judge Mannion already dismissed Tufano's identical claims with prejudice in his previous action in the Middle District. *Tufano*, 2024 WL 5318270, at *2. Accordingly, the Court **DISMISSES** Tufano's complaint **with prejudice** and **DENIES** leave to amend. (Doc. 1-2).

## V. CONCLUSION

The Court agrees with the Judge Carlson's sound reasoning and discerns no error of law. Accordingly, the report and recommendation (Doc. 14) is **ADOPTED IN ITS ENTIRETY** as an opinion of the Court. Shopify's motion to dismiss is **GRANTED**. (Doc. 5). The complaint is **DISMISSED with prejudice**. (Doc. 1-2). As the Court denies leave to amend, the Clerk of Court is directed to close this matter.

An appropriate Order follows.

Dated: February 25, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**